In re Dennis McCARTIN, Debtor.

Debra Ann McCARTIN, Lipsey
& Skolnik, Esquire, Ltd.,
Plaintiffs,

v.

Dennis McCARTIN, Defendant.

Bankruptcy No. 91–12619.
Adv. No. 92–1005.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 23, 1992.

Kevin M. Hayes, Warwick, R.I., for debtor/defendant.

Michael D. Coleman, Providence, R.I., for plaintiffs.

DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before the Court is the Complaint of Debra McCartin, the former wife of Debtor

Dennis McCartin, wherein she objects to the discharge of certain marital debts, pursuant to 11 U.S.C. § 523(a)(5). As expected, Mr. McCartin claims that the debts in question result from a division of property and therefore, are dischargeable in his bankruptcy case.

Based on the stipulations in the Joint Pretrial Order, we took the matter under advisement on the pleadings, as no genuine issue of material fact is in dispute.

I. BACKGROUND

The parties were married on May 15, 1976, had two children (one in 1980 and one in 1987), and were divorced on January 7, 1991. As part of the Final Judgment of divorce, the Family Court, Jeremiah, C.J., found that the wife was entitled to alimony, but left the amount "open," and ordered the husband to pay child support, which was also "left open at this time." In addition, the Family Court ordered Mr. McCartin to pay, *inter alia:* (1) the Visa bill of $1,259.82 with Fairlawn Credit Union; (2) $1,731.91 to Debra McCartin to reimburse her for household bills which Mr. McCartin had been previously ordered to pay; (3) $7,665.00 in counsel fees to Debra McCartin's attorney, Lipsey & Skolnik; and (4) $6,000 (now $3,000) due on the Cranston Redevelopment Loan. On October 9, 1991, Dennis McCartin filed a Chapter 7 petition in this Court, listing the above debts in his bankruptcy schedules.

The issue before this Court is whether said marital debts are excepted from discharge, pursuant to § 523(a)(5), as obligations in the nature of alimony, support or maintenance, or whether they were intended by the Family Court to be a division of property, and dischargeable.

On October 21, 1991, approximately two weeks after the Debtor filed for bankruptcy, a further hearing was held in the Family Court,[1] apparently without objection by

---

1. In his memorandum in opposition to the instant complaint, the Debtor argues that the October 21, 1991 hearing violated the automatic stay provisions of § 362. That issue however, is not before us today, nor does it preclude us from deciding the present dispute. Moreover, the Debtor/Defendant did not object to the introduction of the October 21, 1991 Family Court

the Debtor. At that hearing Chief Judge Jeremiah reviewed his January 7, 1991 Final Judgment and stated that the Debtor's obligation to pay the subject debts was intended as support for his former wife and children. We consider the Family Court Judge's statements on October 21, 1991 to be in the nature of a reaffirmation/clarification of his January 7, 1991 Judgment.

II. DISCUSSION

Factors which we have previously considered in ruling upon a § 523(a)(5) complaint include:

(1) the nature of the obligation assumed (whether for necessaries or luxuries);

(2) the type of payment (lump sum or installment);

(3) the length of the marriage;

(4) whether children of the marriage have been provided for;

(5) the relative earning power of the spouses;

(6) the adequacy of support without the debt assumption;

(7) the understanding of the parties concerning the agreement.

*See Wheeler v. Wheeler (In re Wheeler),* 122 B.R. 645, 647-648 (Bankr.D.R.I.1991).

Applying those factors which have relevance here, we have no trouble finding that Judge Jeremiah's Order requiring the Debtor to pay the marital debts in question was for the intended purpose of providing support and maintenance to his family, and was not meant to be a division of property between husband and wife.

Specifically, we base this ruling on: (1) the relative disparity in earning capacity of the parties ($446 gross per week for the wife, and $35,000 per year for the husband); (2) the nature of the obligations—the payment of necessities; and (3) the fact that the Court *did* award alimony and child support, but left open for future determination the amount of the award. We find that the totality of these circumstances indicates a clear intention by the Family Court that the Debtor should provide for the support and maintenance of his former wife and two minor children, by paying the subject marital bills on their behalf.

Accordingly, and independently of the October 21, 1991 Family Court Order (which only reinforces our conclusion herein), we rule that the subject debts are nondischargeable, pursuant to 11 U.S.C. § 523(a)(5).

Enter Judgment consistent with this opinion.

[redacted]

transcript in this proceeding, and we consider it part of the record herein.